UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL A. BAILEY, et al., | : | Case No. 1:06 CV 00468 |
| Plaintiffs | : | Judge Barrett |
| v. | : | Magistrate Judge Black |
| AK STEEL CORPORATION, | : | DEFENDANT'S MOTION TO STAY |
| | : | PENDING CONSOLIDATION WITH |
| Defendant. | : | THE FIRST-FILED DAYTON |
| | : | ACTION AND MOTION TO TRANSFER |

Defendant AK Steel Corporation moves to stay this proceeding pending a determination by Judge Rose in *AK Steel Corporation v. ARMCO Employees Independent Federation, Inc.*, Case No. 3:06 CV 00171 (S.D. Ohio) as to whether the two cases should be consolidated. If Judge Rose decides that the cases should be consolidated, Defendant respectfully requests the Court to transfer this case to Dayton.

Respectfully submitted,

/s/Gregory Parker Rogers
Gregory Parker Rogers
Justin D. Flamm
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio  45202-3957
(513) 381-2838
rogers@taftlaw.com
flamm@taftlaw.com

John C. Lombard
Jill A. May
Taft, Stettinius & Hollister LLP
Suite 900, 110 North Main Street
Dayton, Ohio  45402-1786
(937) 228-2838
lombard@taftlaw.com
may@taftlaw.com

Attorneys For Defendant AK Steel Corporation

{W0751299.1}

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL A. BAILEY, et al., | : | Case No. 1:06 CV 00468 |
| | : | |
| Plaintiffs | : | Judge Barrett |
| v. | : | Magistrate Judge Black |
| | : | |
| AK STEEL CORPORATION, | : | DEFENDANT'S MEMORANDUM IN |
| | : | SUPPORT OF ITS MOTION TO STAY |
| Defendant. | : | PENDING CONSOLIDATION WITH |
| | : | THE FIRST-FILED DAYTON |
| | : | ACTION AND MOTION TO |
| | : | TRANSFER |

## I. INTRODUCTION

Plaintiffs filed this case (the "Cincinnati case") more than one month after AK Steel filed a declaratory judgment action in the federal district court in Dayton, Ohio, involving essentially identical facts and parties. *See AK Steel Corporation v. Armco Employees Independent Federation, Inc.*, Case No. 3:06 CV 00171 (Rose, J.) (the "Dayton case"). Both actions seek a judicial declaration of whether the contract between AK Steel and the AEIF allowed the Company unilaterally to terminate the Company's Insurance Benefits Plan or whether the health insurance benefits provided by AK Steel to certain of its retirees are vested. It is respectfully submitted that this Court should follow the Southern District of Ohio's "bright line rule" and allow the first-filed Dayton court to determine which action should proceed. In the meantime, it is respectfully submitted that this Court should grant Defendant's motion to stay all proceedings in the Cincinnati case.

## II. BACKGROUND

AK Steel provides health insurance to more than 4,500 hourly retirees of its Middletown Works through the Insurance Benefits Plan negotiated with a union, Defendant Armco Employees Independent Federation, Inc. (Case No. 3:06 CV 00171, Amend. Compl., doc. 8, ¶ 8) The Insurance Benefits Plan may be terminated upon 120 days' notice. (*Id.*, ¶ 9) The Company gave notice to the Union on June 1, 2006, that it was terminating the Insurance Benefits Plan effective October 1, 2006, and replacing it with revised insurance program similar to the insurance program that the Company's competitors have implemented. (*Id.,* ¶ 7) The AEIF responded by informing its membership on its website that it intended to pursue "vigorous legal action" against the Company. (*Id.*, ¶ 16)

After learning of the AEIF's threatened lawsuit, the Company filed a declaratory judgment action on June 9, 2006, in the federal district court in Dayton to obtain judicial approval for the proposed modifications to the retiree health benefits. (Case No. 3:06 CV 00171) Among other relief, AK Steel asked the Dayton Court to declare that the retiree health benefits were not vested:

> *Declare that retirees have no vested lifetime right to any retiree insurance benefit . . .*

(Case No. 3:06 CV 00171, Amend. Compl., doc. 8, p. 7) AK Steel named the AEIF and members of the AEIF Executive Committee as Defendants to the declaratory action. At least one of the Defendants resides in a county encompassed by the Dayton division, making jurisdiction and venue in the Dayton court appropriate.

Michael A. Bailey and eight other hourly retirees of the Middletown Works filed this case on July 18, 2006, more than one month after the Dayton case was filed. Like AK Steel, the

retirees also seek declaratory relief from this Court. They have requested this Court to declare that the retiree health benefits are vested:

> *That the Court declare [retiree health benefits] are vested and guaranteed for life and cannot be unilaterally changed, modified or terminated.*

(Cincinnati Compl. p. 12-13)

On July 26, 2006, AK Steel amended its Complaint in the Dayton case to include the retirees named in the Cincinnati action. Today, July 28, 2006, AK Steel filed a motion in the Dayton case to consolidate the two cases in Dayton. The AEIF has filed a motion to dismiss the Dayton case, in favor of allowing this Cincinnati case to proceed.

### III.  ARGUMENT

This case should be stayed while the Dayton court considers the proper venue for deciding these two cases. The Southern District of Ohio follows a bright-line rule that the first-filed court determines which of two similar actions should proceed. Consolidation of the two cases is appropriate in Dayton because the cases involve "common question[s] of law [and] fact." Fed. R. Civ. P. 42(a).

> A.  The Bright Line Rule In This District Is That The Court Where The First-Filed Action Is Pending Determines Which of Two Similar Actions Should Proceed.

Under the "bright-line rule" for the Southern District of Ohio, the first-filed court determines which of two factually similar cases should proceed:

> This court holds that, in the interest of certainty and comity, it is important to maintain a bright-line rule that the first-filed court should determine whether an exception applies and which action should proceed.

*Aluchem, Inc. v. Sherwin Alumina L.P.*, 2006 WL 1281887, *1 (S.D. Ohio May 10, 2006). Although there are limited exceptions to the rule that venue properly lies in the first-filed court, there is no exception to the rule that the court where the first-filed action is pending should make the determination as to which case should go forward.

The Court should apply the bright-line rule where, as here, the first action seeks a declaratory judgment.  In *Daimler Chrysler Corp. v. General Motors Corp.*, 133 F. Supp. 2d 1041, 1042 (N.D. Ohio 2001), Judge Carr of the Northern District of Ohio followed the bright-line rule even though a first-filed declaratory judgment action was filed only twelve minutes before the second action.  The court deferred to the first-filed court, notwithstanding the short duration between the filing of the two cases and the fact that the first-filed action sought a declaratory judgment.  The court reasoned that deferring to the first-filed court "makes good sense, as it establishes a bright line rule, which is as easy to apply as it is to understand." *Id.* at 1044.

Courts in this district have followed the bright-line rule even where there was a serious question as to whether jurisdiction existed in the first-filed court.  *Abbott Laboratories Inc. v. Mead Johnson & Co.*, 1998 WL 416758 (S.D. Ohio Apr. 21, 1998).  In *Abbott*, the second-filed court stated that it could not decide for the first-filed court whether that court had subject matter jurisdiction over the first-filed action.  The court deferred to the first-filed court, reasoning that "even if [it] were inclined to agree with the [second-filed plaintiff], it simply may not, consistent with notions of comity and conservation of judicial resources, commandeer the authority of the first-filed court's role."

  B. This Court Should Stay All Proceedings In The Cincinnati Case Pending A Decision From Judge Rose That The Cases Should Be Consolidated.

A motion is pending in the Dayton case that will determine whether venue is proper in Dayton.  AK Steel has filed a motion in the Dayton case to consolidate these two cases in Dayton.  Under Fed. R. Civ. P. 42(a), these two cases should be consolidated in Dayton because they "involv[e] a common question of law or fact," namely, whether the retirees insurance benefits are vested or whether AK Steel unilaterally may change them.  If necessary, the Court

has the authority to transfer this case to Dayton. 28 U.S.C. § 1404(c) ("A district court may order any civil action to be tried at any place within the division in which it is pending.").

The two cases are factually similar. Both cases concern whether the contract between the AEIF and AK Steel permits the Company to terminate the Insurance Benefits Plan or whether the retirees' benefits are vested. The parties are also virtually the same. AK Steel originally sued the AEIF and the AEIF Executive Committee. When the retirees brought this suit in Cincinnati, AK Steel amended the Dayton complaint to include all the retiree Plaintiffs named in this action.

If Judge Rose consolidates the two cases, AK Steel respectfully requests this Court to transfer the case to Dayton. Under 28 U.S.C. § 1404(c), "A district court may order any civil action to be tried at any place within the division in which it is pending."

## IV. CONCLUSION

For each and all of the foregoing reasons set forth above, AK Steel respectfully submits that the Court should follow the bright-line rule and stay these proceedings to allow the Dayton court to decide whether to consolidate the two cases. If the cases are consolidated, AK Steel respectfully requests that the Court transfer this case to Dayton.

Respectfully submitted,

/s/Gregory Parker Rogers
| | |
|---|---|
| Gregory Parker Rogers | John C. Lombard |
| Justin D. Flamm | Jill A. May |
| Taft, Stettinius & Hollister LLP | Taft, Stettinius & Hollister LLP |
| 425 Walnut Street, Suite 1800 | Suite 900, 110 North Main Street |
| Cincinnati, Ohio 45202-3957 | Dayton, Ohio 45402-1786 |
| (513) 381-2838 | (937) 228-2838 |
| rogers@taftlaw.com | lombard@taftlaw.com |
| flamm@taftlaw.com | may@taftlaw.com |

Attorneys For Defendant AK Steel Corporation

## CERTIFICATE OF SERVICE

The undersigned certifies that on July 28, 2006, a copy of the foregoing was electronically filed with the Clerk of the Court in the Southern District of Ohio using the CM/ECF system which will send notification of such filing to the following: David M. Cook, e-mail dcook@dmcllc.com, and Sally Tedrow, e-mail stedrow@odonoghuelaw.com, and Francis J. Martorana, e-mail fmartorana@odonoghuelaw.com, and Jennifer Simon, e-mail jsimon@odonoghuelaw.com.

/s/ Gregory Parker Rogers