UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BAILEY, et al., | : | Case No. 1:06cv468 |
| | : | |
| Plaintiffs, | : | Judge Barrett |
| | : | |
| v. | : | JOINT MOTION FOR PRELIMINARY |
| | : | APPROVAL OF CLASS ACTION |
| AK STEEL CORPORATION, | : | SETTLEMENT AGREEMENT AND |
| | : | PROPOSED CLASS NOTICE |
| Defendant. | : | |

Plaintiffs Michael A. Bailey, Rudolph Pringle, Ronnie L. Banks, James E. Fetters, Carl Reichenbach, Jesse Schultz, Scott J. Ratliff, James McKinney, and Richard P. Tibbs (the proposed "Class Representatives")[1] and Defendant AK Steel Corporation have entered into a Settlement Agreement resolving, subject to class certification and Court approval, all the claims of the Parties.

Pursuant to Fed. R. Civ. P. 23, the parties jointly move the Court to enter an Order:

(1) Granting preliminary approval of the proposed Settlement Agreement subject to a final fairness hearing;

(2) Approving the proposed notice to be sent to the class members affected by the settlement; and

(3) Setting a date for a hearing on the fairness, reasonableness, and adequacy of the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23(e).

---

[1] Plaintiffs filed their Motion for Class Certification on February 16, 2007 (Doc. 40), and filed a Renewed Motion for Class Certification on October 25, 2007.  AK Steel will soon file an Amended Response To Plaintiffs' Motion For Class Certification.

{W1111746.1}   1

A Memorandum in Support of this Motion is attached, along with a copy of the proposed Notice to Class Members (Exhibit A), a copy of the proposed Settlement Agreement attached to the Notice as Attachment 1, and a copy of the proposed Voluntary Employees' Beneficiary Association ("VEBA") (Attachment 2 to Exhibit A). A proposed agreed Order has also been submitted to the Court's chambers by email to barrett_chambers@ohsd.uscourts.gov.

Respectfully submitted,

| | |
|---|---|
| /s/ Sally M. Tedrow | /s/ Gregory Parker Rogers |
| Sally M. Tedrow | Gregory Parker Rogers |
| Francis J. Martorana | Justin D. Flamm |
| Jennifer Simon | Daniel J. Hoying |
| O'Donoghue & O'Donoghue LLP | Taft, Stettinius & Hollister LLP |
| 4748 Wisconsin Ave., N.W. | 425 Walnut Street, Suite 1800 |
| Washington, D.C. 20016 | Cincinnati, Ohio 45202-3957 |
| (202) 362-0041 | (513) 381-2838 |
| stedrow@odonoghuelaw.com | rogers@taftlaw.com |
| fmartorana@odonoghuelaw.com | flamm@taftlaw.com |
| jsimon@odonoghuelaw.com | hoying@taftlaw.com |
| | |
| David M. Cook | Attorneys for Defendant |
| Cook, Portune & Logothetis | AK Steel Corporation |
| 22 West Ninth Street | |
| Cincinnati, Ohio 45202 | |
| (513) 721-7500 | |
| dcook@dmcllc.com | |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MICHAEL BAILEY, et al., | : | Case No. 1:06cv468 |
| | : | |
| Plaintiffs, | : | Judge Barrett |
| | : | |
| v. | : | MEMORANDUM IN SUPPORT OF |
| | : | JOINT MOTION FOR PRELIMINARY |
| AK STEEL CORPORATION, | : | APPROVAL OF CLASS ACTION |
| | : | SETTLEMENT AGREEMENT AND |
| Defendant. | : | <u>PROPOSED CLASS NOTICE</u> |

## I.     INTRODUCTION

The Plaintiffs and AK Steel Corporation, following extensive arms' length negotiations, have entered into a Settlement Agreement that would resolve all claims raised in this proceeding. The parties jointly submit the Settlement Agreement for preliminary approval by the Court, pursuant to Fed. R. Civ. P. 23(e).  By this Motion, the parties respectfully submit that the Court should grant preliminary approval to the Settlement Agreement, approve the notice to class members, and schedule the fairness hearing for final approval.

## II.     BACKGROUND

As is discussed in the Settlement Agreement, AK Steel Corporation ("AK Steel" or "the Company") believes that the increased costs involved in providing retiree health insurance plans have posed a challenge to the integrated steel industry in the past decade.  (Settlement Agreement, attached to the proposed Notice as Attachment 1, § IV)  It cites numerous integrated steel companies that have been forced into bankruptcy because, in part, of the high costs associated with retiree health insurance plans.  (*Id.*)

On June 1, 2006, AK Steel, which competes in the integrated steel industry, announced changes to its retiree benefit plans effective October 1, 2006, that would result in a reduction of

benefits for its hourly and salaried auxiliary retirees from AK Steel's Middletown Works. (*Id.*) The Plaintiffs (and proposed Class Representatives) filed this lawsuit on July 18, 2006, seeking preliminary and permanent injunctive relief that would prevent AK Steel from making these changes. (Compl., Doc. 1)

On September 22, 2006, the Court granted Plaintiffs' motion for a preliminary injunction, prohibiting AK Steel from making changes to the benefits for hourly retirees during the pendency of the litigation. (Order, Doc. 28) That same day, AK Steel appealed the preliminary injunction to the United States Court of Appeals for the Sixth Circuit. (Doc. 29) Although the appeal was fully briefed and oral argument was held on July 24, 2007, as a result of the settlement described here, the Company's appeal was withdrawn.

Discovery proceeded in this case, despite the appeal. (Settlement Agreement, § IV) Plaintiffs and the Company served initial disclosures, provided detailed answers to interrogatories and requests for production of documents, and produced thousands of pages of information. (*Id.*) Depositions have been taken of each of the Class Representatives and of a number of current and former AK Steel employees. (*Id.*)

As described in Section V of the Settlement Agreement, AK Steel claims that it has the right to make the proposed changes to post-retirement health benefits under the applicable collective bargaining agreements and insurance plan documents. (Settlement Agreement, §§ IV, V) Plaintiffs claim, on the other hand, that the members of the proposed classes earned their post-retirement health benefits through many years of service with AK Steel and that the benefits became vested upon their retirement. (*Id.* at §§ IV, VI) Both parties acknowledge problems of proof in establishing their claims and defenses, the inherent uncertainty and risks of litigation, and the expense and delays that would be involved in continuing to litigate their dispute. (*Id.* at §§ V, VI) Plaintiffs recognize that even if they were successful in the litigation, the continued

{W1111746.1}  2

receipt of their benefits depends upon the long-term viability of AK Steel and its continued ability to fund such benefits. (*Id*. at § VI) Also, in agreeing to the settlement, one of the factors that Plaintiffs necessarily took into account is that, if AK Steel were successful in the litigation, it could conclusively establish that AK Steel has no obligation to provide any post-retirement health or welfare benefits to some or all of the class members.

Commencing in July 2007, the Parties engaged in settlement discussions. (Settlement Agreement, § IV) In the course of these discussions, detailed actuarial data was provided to Plaintiffs to allow them to assess accurately the costs related to the provision of retiree welfare benefits to the proposed classes. (*Id.*) Settlement proposals were exchanged. (*Id*.) On September 21, 2007, a formal settlement conference was held where the Parties reached the settlement described here, which they subsequently committed to writing. (*Id*.) The settlement is contingent on the issuance of an order formally certifying the proposed classes and formally appointing class counsel.[2]

Under the proposed settlement, AK Steel will transfer cash payments of six hundred sixty-three million dollars ($663,000,000.00) to a Voluntary Employees' Beneficiary Association ("VEBA"). (Settlement Agreement, § VII) The funds will be used to provide welfare benefits to class members under a new and revised plan of benefits to be created by trustees selected according to a procedure established by the Plaintiffs. (*Id*. at § VII(3.1.1)) In exchange, the Plaintiffs and proposed class members agree to release AK Steel from responsibility for any Health and Welfare Benefits incurred on and after the Effective Date of the settlement, including any and all claims for payment of medical benefits, major medical benefits, managed care

---

[2] As is noted in the motion herein, Plaintiffs filed a renewed motion for class certification, having filed their original (substantially similar) motion in February 2007.

{W1111746.1} 3

benefits, prescription drug benefits, premium reimbursement, life insurance benefits, dental insurance benefits, or vision insurance benefits incurred after the Effective Date. (*Id*. at § VII(4))

### III. ARGUMENT

Under Fed. R. Civ. P. 23(e), this Settlement Agreement must be approved by the Court. Review and approval of a class action settlement involves three steps: (1) the Court preliminarily approves the proposed settlement; (2) members of the class are notified of the proposed settlement; and (3) the Court holds a hearing to determine whether the proposed settlement is fair, reasonable, and adequate. *Alvorado v. Memphis–Shelby County Airport*, 2000 WL 1182446, *5 (6th Cir. 2000); *Reed v. Rhodes*, 869 F. Supp. 1274, 1278 (N.D. Ohio 1994); *Bronson v. Bd. of Educ. of Cincinnati*, 604 F. Supp. 68, 72 (S.D. Ohio 1984). If a proposed settlement appears to be the result of serious, informed, non-collusive negotiations, if it has no obvious deficiencies, if it does not improperly grant preferential treatment to class representatives or segments of the class, and if it falls within the range of reasonableness, the court should grant preliminary approval, direct the sending of notice to the classes, and schedule a fairness hearing. *In re Telectronics Pacing Systems, Inc.,* 137 F. Supp. 2d 985, 1015-16 (S.D. Ohio 2001). In this Joint Motion, the Parties submit that the requirements for preliminary approval are satisfied and they ask that the Court direct the mailing of the class notice and schedule a fairness hearing.

    **A.    The Court Should Grant The Parties' Joint Motion For Preliminary Approval Of The Settlement Agreement.**

The Court should preliminarily approve the Settlement Agreement in this case because it is within the range of reasonableness and does not evidence unduly preferential treatment or other obvious deficiencies. "The law favors voluntary settlement of class action litigation." *UAW v. Ford Motor Corp.*, 2006 WL 1984363, *21 (E.D. Mich. 2006); *UAW v. General Motors*

*Corp.*, 2006 WL 891151, *12 (E.D. Mich. 2006). (Both settlements were affirmed in *UAW v. General Motors Corp.*, 497 F.3d 615 (6th Cir. 2007).)  At this preliminary approval stage, the Court's role is limited to issues such as determining whether the proposed Settlement Agreement is "within the range of reasonableness." *Ford*, 2006 WL 1984363 at *21.  The Court should examine whether the settlement is "illegal or tainted with collusion" or "the product of arms-length negotiations." *Bronson*, 604 F. Supp. at 71. "The [C]ourt's determination should be based on its familiarity with the issues, the results of discovery, and the character of the negotiations." *Id*.

The Settlement Agreement contemplates the transfer of six hundred sixty-three million dollars" ($663,000,000.00) to the VEBA (Attachment 2 to Exhibit A) for the provision of Post-Retirement Welfare Benefits to the class members. (Settlement Agreement, § I) Considering the asserted claims and defenses of the parties, the problems of proof, and the risks and delays of litigation, this sum clearly represents an amount "within the range of reasonableness." Moreover, creation of the funded VEBA trust contemplated by the Settlement Agreement eliminates any future risk to the class members that AK Steel will become unable to pay for the retiree benefits.

The Settlement Agreement was negotiated at arms length by adversarial and informed parties with the assistance of experienced counsel.  Settlement negotiations commenced in July 2007, following nearly a year of vigorously contested litigation and extensive discovery, during which thousands of documents were exchanged and many current and former AK Steel employees were deposed.  In the course of settlement discussions, AK Steel provided detailed actuarial data to the Plaintiffs, Plaintiffs' counsel and their actuary, allowing them to assess the costs of providing various levels of benefits.  Ultimately, after multiple proposals were exchanged, the parties reached agreement with the assistance of the Court.

The Settlement Agreement, which was negotiated by the parties to a highly adversarial lawsuit, clearly is not the result of illegality or collusion. The requirements for preliminary approval are met and the Court should grant the Joint Motion.

### B. The Court Should Approve The Parties' Proposed Form And Method Of Notice Of The Class Settlement.

Once the Court makes a determination that a proposed settlement is within the range of reasonableness, notice of a formal Rule 23(e) hearing is given to class members. Manual on Complex Litigation (4th) § 21.633. The notice of the fairness hearing should advise objectors to file written statements of their objections by a specified date in advance of the hearing and to give notice if they intend to appear at the fairness hearing. *Id*.

The parties have agreed on the content and method of the proposed notice. The Class Notice explains the nature of the controversy, the details of the Settlement Agreement, the eligibility of class members to participate in the Settlement, and their right to object to it. (Attached as Exhibit A) The Class Notice will be mailed to all class members via first class mail to their last known addresses. (Settlement Agreement, § VII (5.3))

The Court should approve the form and method of notice to the classes.

### C. The Parties Request The Court To Schedule A Final Fairness Hearing.

In the proposed Settlement Agreement, the parties have agreed to endeavor in good faith to meet a Targeted Effective Date of March 1, 2008. (Settlement Agreement, § VII(5.2)) To meet the target, the parties propose a schedule set forth at page 20 of the Settlement Agreement, culminating in a Settlement Hearing on February 12, 2008. (*Id*.)

The parties request the Court to schedule:

-A hearing on this Joint Motion for preliminary approval and on Plaintiffs' renewed motion for class certification on 11/2/07;

-A deadline for filing objections to the Settlement Agreement on 12/24/07;

-A deadline for parties to file briefs objecting to or in favor of final approval of the Settlement Agreement on 1/28/08;

-A fairness hearing on the Settlement Agreement on 2/12/08.

## IV. **CONCLUSION**

For the foregoing reasons, the Parties respectfully request that the Court (i) preliminarily approve the Settlement Agreement; (ii) approve the proposed Class Notice and the mailing thereof; and (iii) set a date for a fairness hearing under Rule 23(e).

Respectfully submitted,

| | |
|---|---|
| /s/ Sally M. Tedrow | /s/ Gregory Parker Rogers |
| Sally M. Tedrow | Gregory Parker Rogers |
| Francis J. Martorana | Justin D. Flamm |
| Jennifer Simon | Daniel J. Hoying |
| O'Donoghue & O'Donoghue LLP | Taft, Stettinius & Hollister LLP |
| 4748 Wisconsin Ave., N.W. | 425 Walnut Street, Suite 1800 |
| Washington, D.C. 20016 | Cincinnati, Ohio 45202-3957 |
| (202) 362-0041 | (513) 381-2838 |
| stedrow@odonoghuelaw.com | rogers@taftlaw.com |
| fmartorana@odonoghuelaw.com | flamm@taftlaw.com |
| jsimon@odonoghuelaw.com | hoying@taftlaw.com |

David M. Cook
Cook, Portune & Logothetis
22 West Ninth Street
Cincinnati, Ohio 45202
(513) 721-7500
dcook@dmcllc.com

Attorneys for Plaintiffs

Attorneys for Defendant
AK Steel Corporation

8

## CERTIFICATE OF SERVICE

I certify that on October 25, 2007, I electronically filed the foregoing Joint Motion For Preliminary Approval Of Class Action Settlement And Proposed Class Notice with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| David M. Cook<br>dcook@dmcllc.com | Justin D. Flamm<br>flamm@taftlaw.com |
| Sally M. Tedrow<br>stedrow@odonoghuelaw.com | Daniel J. Hoying<br>hoying@taftlaw.com |
| Francis J. Martorana<br>fmartorana@odonoghuelaw.com | |
| Jennifer Simon<br>jsimon@odonoghuelaw.com | |

/s/ Gregory Parker Rogers
Gregory Parker Rogers
Taft, Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio  45202-3957
(513) 381-2838
rogers@taftlaw.com