UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MICHAEL A. BAILEY, *et al.*, Individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> AK STEEL CORPORATION, <br><br> Defendant. | Case No. 1:06-cv-468 <br><br> Magistrate Judge Timothy S. Black |

## ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEYS FEES AND EXPENSES (Doc. 60)

This civil class action is presently before the Court upon Plaintiffs' Motion for Attorneys' Fees and Expenses (doc. 60), which motion is not opposed by the defendant (*see* doc. 63). The Court has recently entered its Order Granting Final Approval to the Settlement Agreement (doc. 111), which settlement agreement disclosed the pendency of the unopposed motion for payment of $3,000,000 in attorneys fees and costs.[1]

Upon careful review, the Court finds that the payment of the requested attorneys fees and costs is well-taken and should be and is hereby approved, for the reasons succinctly set forth below.

Rule 23(e) of the Federal Rules of Civil Procedure expressly authorizes the Court to award "reasonable attorneys fees and nontaxable costs ...by agreement of the parties...." Negotiated and agreed-upon attorneys fees as part of a class-action settlement are encouraged as an "ideal" toward which the parties should strive. *See, e.g., Manners v. American General Life Insurance Company,* 1999 WL 33581944 * 28 (M.D. Tenn. 1999); *see also DeHoyos v. Allstate Corporation,* 240 F.R.D. 269, 322-23 (W.D. Texas 2007) (collecting cases).

---

[1] Plaintiffs included in the Notice of Proposed Settlement, sent to all class members on November 9, 2007 (doc. 51-1), their request for payment of $3,000,000 in attorneys fees and costs, to be paid separate and apart and in addition to the payments of $663 million to the VEBA, and thereby satisfied the notice requirement of Federal Rule of Civil Procedure 23(h).

Moreover, courts are especially amenable to awarding negotiated attorneys fees and expenses in a reasonable amount where that amount is in addition to and separate from the defendant's settlement with the class. *DeHoyos, supra*; 240 F.R.D. at 322; *Manners, supra*, 1999 WL 33581944 at * 28. As the *DeHoyos* court noted, fees negotiated and paid separate and apart from the class recovery are entitled to a "presumption of reasonableness." *DeHoyos*, 240 F.R.D. at 323.

In this case, the parties have negotiated an amount of fees and expenses which both the defendant and the plaintiffs agree is reasonable. The negotiations took place at arms-length between sophisticated counsel on both sides of the table and under the supervision of the Court. These factors "weigh strongly in favor of approval" of the fee application. *McBean v. City of New York*, 233 F.R.D. 377, 392 (S.D. N.Y. 2006).

The Supreme Court "has consistently recognized that a litigant or lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's from the fund as a whole." *Boeing Co. v. Van Gemert*, 444 U.S. 417, 478 (1980) (internal citations omitted). This, of course, is what the settlement does in this case: it creates a fund of $663 million for the sole purpose of providing health benefits to thousands of participants, only nine of whom were counsels' original class representative clients.[2]

Trial courts within the Sixth Circuit have the discretion to calculate an award of attorneys fees in common fund cases by using either a percentage of the fund calculation or a lodestar/multiplier approach. *Rollins v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516-17 (6th Cir. 1993). The overriding requirement is that the award "be reasonable under the circumstances." *Id.* at 516.

In determining whether the requested percentage of the fund is reasonable under the circumstances, courts in the Sixth Circuit consider six factors: (1) the value of the benefit rendered to the plaintiff class; (2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (3) whether the services were undertaken on a contingency basis; (4) the value of the services on an hourly basis; (5) the complexity of the litigation; and (6) the professional skill and standing of counsel on both sides. *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974).

---

[2] Although this case is not precisely a common fund case (as the money goes to provide health benefits and the attorneys fees are to be paid separate and apart from the fund), nonetheless, "the settlement [is] most closely aligned to the common fund paradigm ... and a percentage of recovery calculation [is] the most appropriate measure of the attorneys' fee award." *In re Prudential Ins. Co.of Amer. Sales Practices Litig.*, 148 F.3d 283, 336 (3rd Cir. 1998).

An analysis of the these factors as applied to this case reflects that the proposed fee award here is reasonable.

In this case, there can be no disputing that class counsel secured enormous benefits for the class. Moreover, there is a significant public interest in rewarding attorneys who represent employees and retirees in ERISA litigation in order to protect their retirement funds. Furthermore, here, class counsel charged hourly fees throughout this case at the deeply discounted rate of $180 per hour for all attorney time, thereby risking substantial underpayment if the case were unsuccessful, notwithstanding that this case involved a highly specialized and complex area of law. Moreover, counsel on both sides of the table possess a high degree of experience, skill, and reputation. Accordingly, under this analysis, all factors weigh heavily in favor of granting the requested fees and expenses.

Furthermore, use of a lodestar method of calculating attorneys fees, which serves as a cross-check of the percentage of recovery method, also reflects that the agreed-upon amount which is sought is reasonable.

In lodestar calculations, the Court begins with the number of hours reasonably expended on the litigation multiplied by reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). To determine an attorney's reasonable hourly rate, district courts may "look to national markets, an area of specialization, or any other market they believe is appropriate to fully compensate attorneys in individual cases." *McHugh v. Olympia Entertainment, Inc.*, 37 Fed. Appx. 730, 730 (6th Cir. 2002). However, "the product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead a district court to adjust the fee upward or downward." *Hensley, supra,* 461 U.S. at 434.

Courts typically do adjust the awards upwards in common fund cases, increasing the lodestar amount by a multiple of several times itself. Courts regularly apply these multipliers within a normal range of between two and five to account for factors such as the complexity of the case, the risks involved, the size of the recovery, counsels' continuing obligations to the class, and the range of multipliers awarded in similar cases. *See, e.g., Vizciano v, Microsoft Corp.,* 290 F.3d 1043, 1051 (9th Cir. 2000); *Wing v. Asarco, Inc.,* 114 F.3d 986, 989 (9th Cir. 1997); *In re Sulzer Prosthesis Liab. Litig.,* 268 F. Supp.2d 907, 922 (N.D. Ohio 2003); *Manners, supra,* 1999 WL 33581944 at * 31-32.

Here, plaintiffs have proposed reasonable hourly rates for the work performed in this case ranging from $450 per hour for Ms. Tedrow, Mr. Martorana, and Mr. Cook, all of whom have been practicing law for over 25 years, and each of whom has amassed considerable expertise in complex ERISA litigation, to $100 per hour for law clerks and

paralegals. These hourly rates are similar to rate awards in comparable cases, as reflected by the affidavit of William T. Payne, Esq., one of the nation's leading ERISA welfare benefits litigators, and these rates are reasonable.

The hours of work performed by class counsel and their firms through November 27, 2007 total approximately 2,100. Moreover, plaintiffs' counsel anticipate that a substantial amount of attorney time will be spent performing additional work on this case, including work relating to intervention, the fairness hearing, and appeals. Indeed, class counsel conservatively estimates that by the conclusion of this litigation the lodestar fees will total approximately $975,575 and expenses about $36,000. Accordingly, plaintiffs' request for a fees and expense award totaling $3,000,000 contemplates use of a multiplier of 3.04. This multiplier is fully warranted given the complexity of the case, the attendant risks, the size of the settlement recovered, and class counsels' continuing obligations to the class, and it is well within the range of multipliers awarded in similar litigation.

Here, in this case, the parties present for approval an agreed-upon settlement providing for relatively modest attorneys fees, structured in such a way as to provide the maximum benefit to the class. Accordingly, the requested award should be approved in its entirety.

Wherefore, for all of these reasons, the Court hereby grants plaintiffs' motion for an award of attorneys fees and costs in the amount of $3,000,000, finding such amount to be entirely reasonable under the circumstances.

**IT IS SO ORDERED.**

Date: 2/28/08

*Timothy S. Black*
Timothy S. Black
United States Magistrate Judge